IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**DOUGLAS FINCHER,**

      Plaintiff,

vs.                                                   Civ. No. 10-859 JB/ACT

**BOARD OF REGENTS OF THE**
**UNIVERSITY OF NEW MEXICO, et al.,**

      Defendants.


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for Deprivation of Civil and Constitutional Rights, for Production of Public Records, for Mandamus, Damages and for Declaratory and Injunctive Relief filed March 21, 2011 [Doc. 28] and Plaintiff's Motion for Leave to File a First Amended Complaint filed March 3, 2011 [Doc. 20]. An order of reference was filed on October 19, 2010 [Doc. 9].

The Court has reviewed Plaintiffs' Response to the Motion to Dismiss filed April 11, 2011 [Doc. 30], Plaintiff's Notice of Supplemental Authority for Plaintiff's Response to Defendant's First Motion to Dismissal filed April 18, 2011 [Doc. 32] and Defendants' Reply to Plaintiff's Motion to Dismiss filed May 2, 2011 [Doc. 37]. The Court has also reviewed Defendants' Response to

---

[1]Timely objections to the foregoing may be made pursuant to 28 U.S.C. Section 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommendations that party may, pursuant to Section 636(b)(1)(c), file written objections to such Proposed Findings and Recommendations with the Clerk of the United States District Court, 333 Lomas, N.W., Albuquerque, NM 87102. A party must file any objections within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommendations. If no objections are filed, no appellate review will be allowed.

Plaintiff's Motion to Amend the Complaint filed March 21, 2011 [Doc. 26]. Finally, the Court has reviewed Plaintiff's Motion to File Sur-Rely Brief in Opposition to Defendants' Motion to Dismiss [Doc. 38] and Defendant's response [Doc. 39]. Upon review of the pleadings and the pertinent law, the Court recommends that Defendants' Motion to Dismiss Plaintiff's Complaint for Deprivation of Civil and Constitutional Rights, for Production of Public Records, for Mandamus, Damages and for Declaratory and Injunctive Relief [Doc. 28] be granted in part and denied in part. The Court recommends that Plaintiff's state law claims be dismissed without prejudice and Plaintiff's constitutional claims be dismissed with prejudice. The Court further recommends that Plaintiff's Motion to Amend [Doc. 20] be denied and Plaintiff's Motion to File Sur-Reply Brief in Opposition to Defendants' Motion to Dismiss [Doc. 38] be denied.

Background.

Plaintiff, *pro se,* applied to UNM's Master of Public Health ("MPH") program for the fall of 2010. He was not accepted into the program. Pursuant to the New Mexico Inspection of Public Records Act ("IPRA"), Plaintiff requested information regarding Defendants' policies and the other applicants to the program. Defendants provided him with records that were redacted pursuant to the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). Plaintiff alleges that the Defendants violated IPRA and thus violated his rights under the First Amendment and Fourteenth Amendment right to equal protection.

Legal standard.

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted).

The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009); Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to set forth detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 566 U.S, ___, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recital of the elements of a cause of action, supported by mere conclusory statements do not suffice."). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at ___, 129 S. Ct. at 1949.

The Court will review Plaintiff's pleadings liberally and hold them to a less stringent standard than those drafted by attorneys. *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Associated Gen. Contractors of Cal., Inc. v. California State Counsel of Carpenters*, 459 U.S. 519,

526 (1983).  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf).  "The plaintiff's *pro se* status does not entitle him to application of different rules."  *Wells v. Krebs*, 2010 WL 3521777, at *2 (D. Colo. September 1, 2010).

   Law regarding the IPRA and the FERPA.

   IPRA gives every person a right to inspect public records with certain exceptions.  NMSA 1978, § 14-2-1, 2005 Amend.  Records that are excepted include "(3) letters or memorandums that are matters of opinion in personnel files or students' cumulative files"; and "(12) as otherwise provided by law." *Id*.  The statute requires that IPRA requests "shall identify the records sought with reasonable particularity."  *Id*. at § 14-2-7(c).  IPRA further requires that "requested public records containing information that is exempt and nonexempt from disclosure shall be separated by the custodian prior to inspection."  *Id*. at § 14-2-9.

   FERPA provides that federal funds will not be available to any educational institution or agency that permits the release of education records or personally identifiable information. 20 U.S.C. § 1232g. FERPA regulations define "personally identifiable information" protected by FERPA to include, but not limited to:

   (a) The student's name;
   (b) The name of the student's parent or other family members;
   (c) The address of the student or the student's family;
   (d) A personal identifier, such as the student's social security number, student number, or biometric record;
   (e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
   (f)  Other information that alone, or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances to identify the student with reasonable certainty; or
   (g) Information requested by a person who the educational agency or institution reasonably believes knows the identify of the student to whom the education record

relates.

34 CFR 99.3.  Though not binding, the Department of Education's commentary in its Final Rule is instructive.  The Final Rule commentary states in part the following:

> The Joint Statement explains that the purpose of FERPA is twofold: to assure that parents and eligible students can access the student's education records, and to protect their right to privacy by limiting the transferability of their education records without their consent.  120 Cong. Rec. 39862.  As such, FERPA is not an open records statute or part of an open records system.  The only parties who have the right to obtain access to education records under FERPA are parents and eligible students.  Journalists, researchers, and other members of the public have no right under FERPA to gain access to education records for school accountability or other matters of public interest, including misconduct by running for public office.  Nonetheless, as explained in the preamble to the NPRM, 73 FR 155-84-15585, we believe that the regulatory standard for defining and removing personally identifiable information from education records establish an appropriate balance that facilitates school accountability and educational research while preserving the statutory privacy protections in FERPA.  73 Fed. Reg. 74806-01, 74831, 2008 WL 5129783.

> The simple removal of nominal or direct identifiers, such as name and SSN (or other ID number), does not necessarily avoid the release of personally identifiable information. Other information, such as address, date and place of birth, race, ethnicity, gender, physical description, disability, activities and accomplishments, disciplinary actions and so forth, can indirectly identify someone depending on the combination of factors and level of detail released.....The regulations properly require parties that release information from education records to address these situations.  *Id*.

"The releasing party is responsible for conducting its own analysis and identifying the best methods to protect the confidentially of information from education records it chooses to release." *Id*. at 74835.

Allegations regarding IPRA.

Pursuant to IPRA, Plaintiff made his first request on April 19, 2010.  He requested:

> "[I]dentification and inspection of the complete framework of policies and procedures governing UNM's admissions processes, including document retention requirements, to include the process governing the Plaintiff's rejected admissions application."

Complaint at ¶48. The Defendants designated this request as number 3016. On May 7, 2010, Anne Murray, Custodian of Public Records, responded to this request stating that the Director of the

Masters in Public Health Program had informed her that "the information for the application process is in the University Catalog, and she has no further information to provide you." *Id*. at 66. Plaintiff further alleges that "[o]n Friday, May 7, 2010, in response to the Plaintiff's personal request to review the admissions rejection, Tollestrup confirmed Defendant Murray's statement that no other information was available (3016)."

On April 19, 2010, Plaintiff made his second IPRA request asking for "end-result de-identified information about the Masters of Public Health Program's applicant pool relevant to the Plaintiff's admissions application." *Id*. at 49. Defendants designated this request as number 3017. UNM's response to request number 3017 contained a cover letter, a 3 page standardized tabular summary of applicant information entitled "Graduate Application/Admissions Status Report",(sic) and approximately 40 pages of variously-filled individual applicant's data presented in a single-page standard form entitled "Graduate Application Information".(sic) *Id*. at 54.

Counts III and IV- Violation of the First Amendment and the Equal Protection clause of the Fourteenth Amendment.

*Law regarding 42 U.S.C. § 1983*.

Section 1983 of the Title 42 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...,subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privilege, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress,....

42 U.S.C. § 1983. Section 1983 created only the right of action; it does not create any substantive rights, substantive rights must come from the Constitution or federal statute. *Dodge v. Ahlin,* 2011 WL 782491 (D. Colo. 2011) citing *Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 616-18 (1979). To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i)

a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Aikins*, 487 U.S. 42, 48 (1988). Neither the civil rights-statutes nor the Fourteenth Amendment, however, are a license to the federal judiciary to displace state law through the creation of a body of general federal tort law. *Paul v. Davis*, 424 U.S. 693, 701 (1976)(Fourteenth Amendment); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)(civil-rights statute).

### *Count III-Violation of the First Amendment*.

Plaintiff alleges that as a result Defendants' violation of IPRA, he was denied access to documents that he needed to pursue a lawsuit. Plaintiff cannot prevail under the First Amendment as the First Amendment does not afford Plaintiff access to the records requested.

The First Amendment states that:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend I. The First Amendment protects the freedom of individuals and the press to speak or publish. *Center for National Security Studies v. U.S. Department of Justice*, 331 F.3d 918, 934 (D.C. Cir. 2003). It also grants a fundamental right of access to the courts. *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) (holding that Constitution requires "'an opportunity...granted at a meaningful time and a meaningful manner'...'for [a] hearing appropriate to the nature of the case.'")(citation omitted). However, "[i]t does not expressly address the right of the public to receive information." *Center for National Security Studies*, 331 F.3d at 934 (public interest groups sued DOJ under FOIA seeking information regarding persons detained in wake of major terrorist

attack).² The United States Supreme Court has found that "in contrast to FOIA's [Freedom of Information Act] statutory presumption of disclosure, the First Amendment does not 'mandate [ ] a right to access to government information or sources of information within the government's control.'" *Id. citing Houchins v. KQED*, 438 U.S. 1 (1978) (plurality opinion). As the Court in *Houchins* explained: "[t]he public's interest in knowing about its government is protected by the guarantee of a Free Press, but the protection is indirect. The Constitution itself is neither a Freedom of Information Act nor an Officials Secrets Act." *Id*. The Court in *Center for National Security Studies* notes that after *Houchins*, the Court recognized a limited First Amendment right of access to a criminal trial in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). Subsequent to *Richmond Newspapers* the Supreme Court has applied *Houchins,* not *Richmond Newspapers* when the issue is outside the criminal trial context.³ *Center for National Security Studies*, 331 F.3d at 935 (The Court held that the "First Amendment is not implicated by the executive's refusal to disclose the identities of the detainees and information concerning their detention."). Thus, Plaintiff's alleged First Amendment right to his IPRA requests is without merit. Any right to the information requested is governed by state statute, not the United States Constitution.

The Court further notes that Plaintiff has failed to allege any instance of a denial to access to any court as evidenced by the fact that the Plaintiff has filed the instant suit.⁴ There are no facts

---

²The Court is aware that the state court does not necessarily follow federal FOIA case law when interpreting IPRA. However, in this matter, the Court finds federal case law interpreting FOIA instructive when addressing First Amendment issues. It supports Defendants' assertion that the right to access public documents is based on statutes not the Constitution.

³The Court notes that the Supreme Court has not addressed the issue of public access to civil court proceedings, however,at least one circuit court has held that the public does have access to civil court proceedings. *In re Guantanamo Bay Detainee Litigation*, 624 F. Supp. 2d 27, 36 (D.D.C. 2009).

⁴The Court also notes that Plaintiff filed a complaint with the U.S. Department of Education's Office for Civil Rights. The Court did not rely on this in reaching its conclusion. Even if it did, the Court would take judicial notice of the U.S. Department of Education Office of Civil Rights' letter dated March 22, 2011 [Doc. 37-1], and

in Plaintiff's Complaint that supports any allegation that Plaintiff cannot pursue a discrimination claim due to Defendants' conduct.

Thus, the Court will recommend dismissal of Plaintiff's allegations in Count III that the Defendants violated his First Amendment rights.  *Iqbal*, 566 U.S.___, 129 S. Ct. at 1949-50 ("plaintiff's complaint must set forth more than a threadbare recital 'of the elements of a cause of action, supported by mere conclusory statements.'")

### *Equal protection*.

In Plaintiff's Complaint, he alleges that "[t]he denial of information through an obstructive misuse of the IPRA by the Defendants has deprived the Plaintiff of the ability to effectively pursue and exercise protections against discrimination guaranteed by State and Federal Actions relating to education, admissions processing, and Equal Protection."  Complaint at ¶105.

Plaintiff cannot prevail on his § 1983 claim that he was denied equal protection.  The Equal Protection clause of the Fourteenth Amendment guarantees that "no State shall...deny to any person within the jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  "The Equal Protection clause 'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Soskin v. Reinerston*, 353 F.3d 1242, 1247 (10th Cir. 2004)(*quoting Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)).

To prevail on a claim of Equal Protection Plaintiff must allege "(i) that similarly situated individuals were treated differently; and either (ii) if differential treatment was based on a suspect

---

thus would not be required to convert the motion to dismiss to a motion for summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002)(The Eighth Circuit has expressly determined that an EEOC charge and right-to-sue letter are part of the public record and may be considered in resolving a motion to dismiss.); *Baird v. Snowbarger*, 744 F. Supp. 2d 279, 287, n.2 (D.D.C. 2010)(taking judicial notice of EEOC documents without converting motion into one for summary judgment);*Wynn-Mason v. Levas Communications, LLC,*  2010 WL 2816651 (E.D.Pa.2010)("Defendant attached plaintiff's EEOC charge to its motion, I will consider the charge on the motion to dismiss because it is undisputed, referenced in the complaint and central to the plaintiff's claim.").

classification or fundamental right, that it was not supported by a compelling governmental interest, or (iii) if the differential treatment was not based on suspect classification or fundamental right, that the treatment was not justified by a rational connection to a legitimate state interest." *Wilson v. Zavaras*, 2010 WL 4975591, *2 (D. Colo. 2010) citing *Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1047 (10th Cir. 2009)(additional citation omitted).  Plaintiff has not alleged that he is in a suspect classification.  The Court has found that he does not have a  First Amendment right to the records at issue. Thus, Plaintiff must demonstrate any distinction between him and other students requesting information under IPRA by alleging that he was treated differently from other similarly situated students or others requesting information pursuant to IPRA. *Id*.

Plaintiff does not allege any facts indicating that a similarly situated student or individual requesting information pursuant to IPRA was treated more favorably. He makes no non-conclusory, factual allegations indicating that circumstance. Nor did he  allege a "class of one" equal protection claim.  "To succeed on an equal protection claim as a 'class of one,' a party must demonstrate that (1) it has been intentionally treated differently than those similarly situated, *see Village of Willow brook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L.Ed 2d 1060 (2000), and (2) the difference in treatment was objectively irrational and abusive, *see Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1211 (10th Cir. 2006)."  *Rocky Mountain Rogues, Inc. v. Town of Alpine,* 375 Fed. Appx 887*, *8 (*10th Cir. 2010).  Plaintiff has not even alleged any facts that would enable the court to infer "the mere possibility of misconduct" by the Defendants that violated the Constitution.  *Iqbal*, 566 U.S. ___, 129 S. Ct. at 1950.  Thus, the Court will recommend that Plaintiff's claim of violation of Equal Protection clause in Count IV be dismissed.

Motion to Amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* Generally, leave to amend is refused only " on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Tenth Circuit has held: " A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim...." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)(internal citation omitted).

In Plaintiff's Motion to Amend, Plaintiff wants to add ten Defendants and three Counts. The ten defendants are the Master's Program admissions committee. Proposed Counts V and VI relate to a subsequent IPRA request. Proposed Count VII alleges a violation of the Equal Protection clause of the Fourteenth Amendment. Plaintiff alleges that he needs the information he requested through IPRA to determine if he has a reverse race discrimination claim. Using the analysis required in a claim of violation of the Equal Protection clause, Plaintiff has failed to state a claim. As to his IPRA requests, he has not alleged any facts to support that he is in a suspect classification or that he was treated differently from similarly situated students who made IPRA requests. He has not alleged a "class of one" equal protection claim. *Rocky Mountain Rogues, Inc.,* 375 Fed. Appx 887, *8 . Thus, his proposed amendment as to an equal protection claim is futile. *Gohier*, 186 F.3d at 1218; *Kleinsmith*, 571 F.3d at 1033. Therefore, the Court will recommend that the Motion to Amend be denied.

The Court has also reviewed Plaintiff's Motion to File Sur-Reply Brief in Opposition to Defendants' Motion to Dismiss [Doc. 38] and finds that it is not helpful to the Plaintiff or the Court. Thus, the Court will recommend the Court deny the Motion.

Finally, because there are no federal claims remaining, the Court will recommend that supplemental jurisdiction be declined over the state claims. 29 U.S.C. § 1367(c)(3). *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir 1998)("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." )

## RECOMMENDED DISPOSITION

The Court recommends that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint for Deprivation of Civil and Constitutional Rights, for Production of Public Records, for Mandamus, Damages and for Declaratory and Injunctive Relief [Doc. 28] be granted in part and Plaintiff's constitutional claims be dismissed with prejudice and that Plaintiff's state claims be dismissed without prejudice;

2. Plaintiff's Motion to Amend be denied [Doc. 20]; and

3. Plaintiff's Motion to File Sur-Reply Brief in Opposition to Defendant's Motion to Dismiss [Doc. 38] be denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**