IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS FINCHER,

    Plaintiff,

v.                                                            No. CIV 10-0859 JB/ACT

BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
DAVID J. SCHMIDLY, ANNE
MURRAY, and JOHN #1 DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF REMAND**

**THIS MATTER** comes before the Court on Plaintiff Douglas Fincher's timely-filed Plaintiff's Objection to the Court's Proposed Findings and Recommended Disposition Pursuant to 28 U.S.C. § 636(b)(1)(c), filed June 7, 2011 (Doc. 42)("Objections").  The Court has conducted a de novo review of the record, and finds that the Objections lack a sound basis in the law and in the facts of the case.

The Court finds that the Honorable Alan Torgerson, United States Magistrate Judge, correctly determined that Fincher's claims under the First Amendment to the United States Constitution fail, because he does not have a First Amendment right to access government information under the circumstances of the case.  See Proposed Findings and and Recommended Disposition at 8, filed May 25, 2011 (Doc. 41).  In his Objections, Fincher argues that Judge Torgerson misunderstood his Equal Protection claim, and that his intention was to assert that his right to Equal Protection extends to access to information related to his claim of discrimination. See Objections at 15-18.  He contends that the denial of access to information violated his rights to Equal Protection, because the denial obstructs the exercise of that right.  See Objection at 15-17.

He also contends that the Equal Protection Clause imposes a duty on the Defendants to provide access to such information. See Objections at 17-18. The Court, having considered these alternative arguments, determines that there is no basis for extending the scope of the Equal Protection Clause to the denial of access to information absent some claim that similarly situated persons were treated differently. Fincher concedes that his argument that his Equal Protection rights are violated when access to information that could substantiate a claim of discrimination is obstructed requires making "a leap between the arguments of different kinds of rights that isn't linear." Objections at 17. Additionally, a violation of an affirmative duty may violate the Equal Protection Clause. See United States v. Fordice, 505 U.S. 717 (1992). Fincher, however, points to no cases or reasons that would justify extending the Equal Protection Clause to impose an affirmative duty on the Defendants to provide the information he seeks, when he cannot point to other similarly situated people who are receiving benefits denied to him. That Fincher believes he has been discriminated against does not mean that the Equal Protection Clause permits him to go fishing for information to support that belief. A statute, in this state the New Mexico Inspection of Public Records Act, N.M.S.A. 1978, § 14-2-1 to -12, provides access to that information, and Fincher cannot use the Equal Protection Clause to access such information absent some allegation that the University is giving this information to others who are similarly situated to him. Thus, Judge Torgerson correctly determined that the Court should dismiss Fincher's Equal Protection claim.

Accordingly, the Court will adopt the Magistrate Judge's Proposed Findings and Recommended Disposition, which recommends that: (i) the Court grant in part the Defendants' Motion to Dismiss Plaintiff's Complaint for Deprivation of Civil and Constitutional Rights, For Production of Public Records, For Mandamus, Damages and for Declaratory and Injunctive Relief,

filed March 21, 2011 (Doc. 28)("Motion to Dismiss"); (ii) the Court dismiss Fincher's constitutional claims with prejudice; (iii) the Court dismiss Fincher's state law claims without prejudice; and (iv) the Court deny the two pending motions.

**IT IS ORDERED** that: (i) the Defendants' Motion to Dismiss Plaintiff's Complaint for Deprivation of Civil and Constitutional Rights, for Production of Public Records, for Mandamus, Damages and for Declaratory and Injunctive Relief, filed March 21, 2011 (Doc. 28), is granted in part and Plaintiff Douglas Fincher's federal constitutional claims are dismissed with prejudice; (ii) Counts I and II of Plaintiff's Civil Action for Deprivation of Civil and Constitutional Rights, for Production of Public Records, for Mandamus, Damages and for Declaratory and Injunctive Relief, (dated August 13, 2011), filed September 16, 2011 (Doc. 1-2), which allege violations of state law, are remanded to state court and the Clerk of the Court is instructed to forward the court file to the Second Judicial District Court, County of Bernalillo, State of New Mexico; (iii) the Plaintiff's Motion for Leave to File a First Amended Complaint, filed March 3, 2011 (Doc. 20), is denied; and (iv) the Plaintiff's Motion to File Sur-Reply Brief in Opposition to Defendant's Motion to Dismiss, filed May 6, 2011 (Doc. 38), is denied.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Douglas Fincher
Albuquerque, New Mexico

       *Plaintiff Pro Se*

John K. Ziegler
Deena Buchanan Beard
Carol Dominguez Shay
Conklin, Woodcock & Ziegler, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*